UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW WORLD TRADING CO. LTD., and
FUJIAN UPTOP TRADING CO., LTD.

              Plaintiffs,

    - against -

UDI AVSHALOMOV and 2 FEET
PRODUCTIONS, INC.,

              Defendants.

No. 11-CV 06219 (DAB)(THK)

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
UDI AVSHALOMOV AND 2 FEET PRODUCTIONS, INC.'S
<u>MOTION TO DISMISS</u>

 

LYONS MCGOVERN, LLP
399 Knollwood Road, Suite 216
White Plains, New York 10603
Tel:   (914) 631-1336
Fax:   (914) 631-1161
dcavanaugh@lyons-mcgovern.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | 4 |
| I. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM OF FRAUD | 4 |
| A. PLAINTIFFS FAIL TO PLEAD FRAUD WITH REQUISITE PARTICULARITY | 4 |
| B. PLAINTIFFS IMPROPERLY ATTEMPT TO CONVERT THEIR BREACH OF CONTRACT CLAIM INTO FRAUD CLAIM | 5 |
| II. PLAINTIFFS' COMPLAINT LACKS SPECIFICITY SUFFICENT TO SHOW THE EXISTENCE OF CONTRACT THEY CLAIM WAS BREACHED | 7 |
| III. COMPLAINT FAILS TO ALLEGE ANY BASIS FOR PERSONAL LIABILITY BY DEFENDANT AVSHALOMOV | 11 |
| CONCLUSION | 14 |

TABLE OF AUTHORITIES

Federal Cases

1. *Aboushanab v. Janay*, 2007 WL 2789511 (S.D.N.Y. 2007).

2. *Accord Wm. Passalacqua Builders, Inc. v. Resnisk Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir.1991).

3. *Alesayi Beverage Corp. v. Canada Dry Corp.*, 947 F.Supp. 658 (S.D.N.Y.1996).

4. *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69 (2d Cir. 1989).

5. *Ashcroft v Iqbal*, 129 S.Ct. 1937 (2009).

6. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

7. *Berman v. Sugo L.L.C.*, 580 Supp.2d 191 (S.D.N.Y.2008).

8. *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578 (2d Cir. 1987).

9. *Carlucci v. Owens-Corning Fiberglass Corp.*, 646 F.Supp. 1486 (E.D.N.Y. 1986).

10. *Comfort Inn Oceanside v. Hertz Corp.*, 2011 WL 5238658 (E.D.N.Y. 2011).

11. *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir.1989).

12. *Cranston Print Corks Co. v. Brockmann Int'l A.G.*, 521 F.Supp. 609 (S.D.N.Y. 1981).

13. *Dozier v. Deutsche Bank Trust Co. Americas*, 2011 WL 4058100 (S.D.N.Y. 2011).

14. *Fakhoury Enterprises, Inc. v. J.T. Distributors*, 1997 WL 291961 (S.D.N.Y. 1997).

15. *Fakhoury Enters., Inc. v. J.T. Distribs.*, 1997 WL 291961 (S.D.N.Y. 1997).

16. *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F.Supp.2d 405 (S.D.N.Y. 2009).

17. *Israel v. Chabra*, 537 F. 3d 86 (2d Cir. 2008).

18. *Johnson v. Levy*, 2011 WL 4375671 (E.D.N.Y. 2011).

19. *Key Items Inc. v. Ultima Diamonds Inc.*, 2010 WL 3291582 (S.D.N.Y. 2010).

20. *Koninkliike Philis Elecs. N.V. v. The ADS Group*, 694 F.Supp.2d 246 (S.D.N.Y. 2010).

21. *Leibowitz v. Cornell* University, 584 F.3d 487, 507 (2d Cir. 2009).

22. *Lomaglio Assoc. Inc. v. LBK Mktg. Corp.*, 1999 WL 705208 (S.D.N.Y. 1999).

23. *Murray v. Xerox Corp.*, 811 F.2d 118 (2d Cir. 1987)

24. *Ogbon v. Beneficial Credit Services, Inc.*, 2011 WL 347222 (S.D.N.Y. 2011).

25. *Oscar Productions v.* Zacharius, 893 F.Supp. 250 (S.D.N.Y. 1995).

26. *Posner v. Minnesota Mining & Mfg. Co.*, 723 F.Supp. 562 (E.D.N.Y. 1989).

27. *Pot Luck LLC v. Freemen*, 2010 WL 908475 (S.D.N.Y. 2010).

28. *Register.com v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004).

29. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir.1994).

30. *Sahzad v. H.J. Meyers & Co., Inc.*, 923 F.Supp. 57 (S.D.N.Y. 1996).

31. *SKR Resources, Inc. v. Players Sports, Inc.*, 938 F. Supp. 235 (S.D.N.Y. 1996).

32. *Strojmateriallintorg v. Russian Am. Commercial Corp.*, 815 F.Supp. 103 (E.D.N.Y.1993).

33. *Two Kids from Queens, Inc. v. J & S Kidswear, Inc.*, 2010 WL 475319 (E.D.N.Y. 2010).

34. *Value Time, Inc. v. Windsor Toys, Inc.*, 700 F.Supp. 6 (S.D.N.Y. 1988).

35. *White v. Nat'l Home Prot., Inc.*, 2010 WL 1706195 (S.N.D.Y. 2010).

36. *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985).

37. *Yak v. Bank Brussels Lambert*, 252 F.3d 137 (2d Cir. 2001).

38. *Zdenek Marek v. Old Navy (Apparel) Inc.*, F.348 Supp.2d 275 (S.D.N.Y. 2004).

State Cases

1. *Judal Indus v. Welsbach Electric Corp.*, 138 A.D.2d 573, 526 N.Y.S.2d 154 (2d Dept. 1988).

2. *Morris v. N.Y.S. Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993).

3. *Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993).

4. *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 646 N.Y.S.2d 76 (1996).

<u>Statutes</u>

Fed. R. Civ. P. Rule 12(b)(6)

Fed. R. Civ. P. Rule 9(b)

N.Y. Uniform Commercial Code § 2-204(a)

**Preliminary Statement**

Plaintiffs' Complaint is facially deficient as to each of its claims and should be summarily dismissed. Plaintiffs' Complaint purports to assert claims against 2 Feet Productions, Inc., and its Chairman and Chief Executive Officer, Udi Avshalomov, sounding both in fraud and in breach of contract.

However, as set forth below, and fatal to all of Plaintiffs' claims, the allegations in the Complaint are devoid of any "material terms" necessary to establish a legally binding agreement between the parties. The Complaint fails to allege any of the particulars of the alleged contract, thereby rendering it impossible to ascertain the terms, the price, the amount ordered, and even the course of conduct between the parties, all of which are fatal to its breach of contract claim. Plaintiffs cannot, as a matter of law, ask this Court unilaterally to write the terms and conditions of an agreement where the material terms are wholly absent from the Complaint.

Moreover, in a futile effort to impose personal liability upon Udi Avshalomov, Plaintiffs assert a fraud claim against all defendants without any basis in fact or with any of the necessary particularity as required by New York law and Federal Rule 9(b). The Complaint fails to allege any of the necessary elements to seek the extraordinary remedy of "piercing the corporate veil" of a corporate defendant in order to impose personal liability upon its owners.

Finally, Plaintiffs' fraud claim not only fails for lack of any specificity under Federal Rules of Civil Procedure Rule 9(b), but is utterly duplicative of its attempt at a breach of contract claim and, as such, must be dismissed as a matter of law.

Accordingly, as is demonstrated more fully below, Plaintiffs' Complaint should be dismissed in its entirety.[1]

---

[1] Given the complete lack of specificity, supporting factual allegations, and legal sufficiency in the Complaint, the Complaint is so facially deficient it may be subject to sanctions pursuant to Rule 11(b).

**Statement of Facts**

Accepting as true the allegations of Plaintiffs' complaint for the purposes of this motion only, Plaintiff New World Trading Co., Ltd. ("New World") is a shoe manufacturer located in the People's Republic of China.  (*See* Plaintiffs' Complaint ("Complaint"), annexed to the Declaration of Diane B. Cavanaugh, hereinafter "Cavanaugh Dec.," as Exhibit A, ¶¶ 9-12). Plaintiff Fujian Uptop Trading Co., Ltd. ("Uptop") is the trading company that allegedly exported shoes manufactured by or for New World.  Complaint ¶ 12.  Allegedly, New World's president met on several occasions with defendant Udi Avshalomov ("Avshalomov") to discuss the potential purchase of shoes by defendant 2 Feet Productions, Inc. ("2 Feet") the manufacture of which was to be obtained by New World and exported by Uptop.  Complaint ¶ 13.

According to the Complaint, the terms of an arrangement were agreed upon. Yet, conspicuously absent from the Complaint, are its material terms such as quantity, price, conditions, shipping dates, quality and suitability for use.  Complaint ¶¶14-15.  According to the Complaint, Avshalomov is alleged to have agreed to these unidentified and unspecified terms. *Id.* According to the Complaint, Two Feet placed sixty-eight (68) orders for shoes, on or about April 1, 2010, with four more orders in May, July, and August, 2010.  Complaint ¶ 17.  Plaintiffs allege that Avshalomov "never intended to pay, or to have 2 Feet pay, the amounts that had been agreed upon." Complaint ¶ 16.  Plaintiffs acknowledge that Avshalomov and 2 Feet paid approximately $1.9 million dollars to Plaintiffs, but allege Defendants did not pay in full. Upon this brief and conclusory set of allegations in the Complaint (which includes no specifics as indicated above, and appends no invoices, no written contracts, no correspondence or anything evidencing the computation of the amount alleged owed or the terms of the agreement, no demand letters, and no proofs of delivery or receipts), Plaintiffs now conclude Avshalomov and 2 Feet committed fraud and breach of contract, that Plaintiffs are owed $858, 462.35, and are

also entitled to $1,000,000.00 in punitive damages as a result of an alleged "fraud." Complaint ¶ 26.

As a matter of law, this Complaint should be summarily dismissed.

### **Standard of Review**

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a federal court complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556-57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court has held:

> ". . . a court considering motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine they plausibly give rise to an entitlement to relief."

*Iqbal*, 129 S.Ct. at 1950. The claims herein, on their face, fail this test.

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." *Zdenek Marek v. Old Navy (Apparel) Inc.*, 348 F.Supp.2d 275, 279 (S.D.N.Y.2004) (citing *Yak v. Bank Brussels Lambert*, 252 F.3d 137 (2d Cir. 2001).

## ARGUMENT

### I. Plaintiffs' Complaint Fails To State a Claim of Fraud

Plaintiff's Complaint fails to adequately plead the elements of fraud against both Avshalomov and 2 Feet with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Moreover, Plaintiffs' attempt to convert a tenuous and defectively pleaded breach of contract claim into a fraud claim should not be permitted under well-settled New York case law.

#### A. Plaintiffs Fail to Plead Fraud with Requisite Particularity

A claim of fraud under New York law requires a showing of: (1) a misrepresentation or material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the party on the misrepresentation or material omission, and (4) injury. *See, Ogbon v. Beneficial Credit Services, Inc.*, 2011 WL 347222 (S.D.N.Y. 2011) *citing, Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76 (1996), *see also, SKR Resources, Inc. v. Players Sports, Inc.*, 938 F. Supp. 235 (S.D.N.Y. 1996).

Rule 9(b) of the Federal Rules of Civil Procedure ("FRCP") provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity…." *See*, FRCP Rule 9(b). Additionally, "allegations [of fraud] must be supported by the pleadings of specific facts tending to show that, at the time the defendant made the asserted representations and promises, it never intended to honor its stated intentions." *SKR*

*Resources, Inc. v. Players Sports, Inc.*, 938 F. Supp. at 238, *citing, Carlucci v. Owens-Corning Fiberglas Corp.*, 646 F.Supp. 1486, 1491 (E.D.N.Y.1986).

In the instant Complaint, Plaintiffs' allegations fall woefully short of satisfying the heightened and particularity pleading requirements of Rule 9(b) of the FRCP. Plaintiffs fail to allege with any specificity any knowingly false statements made by Avshalomov and 2 Feet, asserting only general and vague allegations, such as, "Avshalomov again represented and agreed that the defendants would pay the amounts that were fixed based upon the price to be quoted." (Complaint ¶ 15). In fact, the Complaint fails to allege any "specific" representations by Avshalomov and 2 Feet that could be construed as fraudulent, or that were relied upon by Plaintiffs. *See, Aboushanab v. Janay*, 2007 WL 2789511 (S.D.N.Y. 2007)(court dismissed fraud claims where complaint failed to set forth specific misrepresentation made by defendants that plaintiff alleged were fraudulent) *citing*, FRCP Rule 9(b).

### B. Plaintiffs Improperly Attempt to Convert Breach of Contract Claim into Fraud Claim

Moreover, Plaintiffs' conclusory allegations of fraud are premised upon a breach of contract claim and Defendants' alleged intention not to perform under a contract which, as set forth below, is insufficient as matter of law to state a claim for fraud.

It is well settled law in the Second Circuit that a defendant's alleged false statement of intention to perform under a contract is insufficient to state a cause of action under fraud. *See, Murray v. Xerox Corp.*, 811 F.2d 118, 122 (2d Cir.1987); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). The district courts in this circuit have repeatedly rejected attempts to convert a breach of contract claim into a fraud claim by merely alleging that a contracting party never intended to fulfill its promise under the agreement. *See e.g., Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F.Supp. 103, 105 (E.D.N.Y.1993) ("a claim predicated on a breach of contractual

arrangement cannot be converted into a fraud claim simply by allegations that a defendant never intended to adhere to its obligations under the agreement"); *Value Time, Inc. v. Windsor Toys, Inc.*, 700 F.Supp. 6, 6 (S.D.N.Y.1988) (alleging that party intended to breach contract at time it entered into contract does not state claim for fraud); *Cranston Print Corks Co. v. Brockmann Int'l A.G.*, 521 F.Supp. 609, 614 (S.D.N.Y.1981) (noting the rejection of efforts to convert contract actions into fraud claims based upon allegations that a contracting party never intended to fulfill its promise).

This Court in *SKR Resources, Inc. v. Players Sports, Inc., supra*, dismissed a fraud claim based upon defendant's failure to pay plaintiff for certain advertisements alleged to have been agreed between the parties. In *SKR Resources*, the plaintiff alleged that defendant never intended to pay for the advertisements at the time parties entered into the contract. This Court dismissed the fraud claims as alleging "no more than a breach of contract . . . that do not allow the inference that [defendants] acted with fraudulent intent." *SKR Resources, Inc., supra*. 938 F.Supp. at 239. The Court held, "in order to meet successfully the scienter requirement, which effectively distinguishes a fraud claim from a breach of contract claim, Plaintiff must plead circumstances which "give rise to a strong inference" that the defendant had knowledge of the fraudulent action. *Id., citing, Shahzad v. H.J. Meyers & Co., Inc.*, 923 F. Supp. 57, 59-60 (S.D.N.Y. 1996). *See also, Pot Luck, LLC v. Freeman*, 2010 WL 908475 (S.D.N.Y. 2010)(this Court dismissed film maker's fraud claim against distributor where complaint alleged fraud in conclusory manner based upon failure to perform under alleged contracts).

In applying these established principles to the instant Complaint, Plaintiff's allegations of fraud all arise of out the alleged agreement between Plaintiffs and Defendants to purchase the shoes at a "price to be quoted." Complaint ¶¶ 14-16. Adding to the insufficiency of their breach of contract claim discussed below, Plaintiffs here fail to plead <u>any</u> circumstances that could give

rise to defendants' knowledge and intent not to pay Plaintiffs for the shoes allegedly shipped. The Complaint simply alleges in conclusory fashion that Avshalomov and 2 Feet never intended to perform under their agreement, i.e., pay for the shoes (Complaint ¶16). This, as discussed above, is insufficient as a matter of law.

Accordingly, based upon the foregoing, Plaintiffs' claims for fraud should be dismissed as a matter of law against both Defendants.

### II.  Plaintiffs' Complaint Lacks Specificity Sufficient to Show the Existence of Contract they Claim was Breached

Plaintiffs' Complaint fails to allege any of the particulars necessary to meet the specificity required by *Twombly* and *Iqbal, supra,* with respect to its asserted breach of contract claim. The terms of the alleged contract are lacking in nearly all aspects. If "there is no basis or standing for deciding whether the agreement had been kept or broken, or to fashion a remedy, and no means by which such terms may be made certain, there is no enforceable contract." *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 587 (2d Cir. 1987).

To form a valid contract under New York law, there must be offer, acceptance, consideration, mutual assent, and an intent to be bound. *Leibowitz v. Cornell University*, 584 F.3d 487, 507 (2d Cir. 2009), *citing Register.com Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). Under the Uniform Commercial Code, "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." N.Y. U.C.C. § 2-204(a). Mutual assent occurs when there has been "a meeting of the minds between the parties on all essential terms of the agreement." *Lomaglio Assoc. Inc. v. LBK Mktg. Corp.*, 1999 WL 705208 (S.D.N.Y. 1999); *citing Fakhoury Enters., Inc. v. J.T. Distribs.*, 1997 WL 291961 at 3 (S.D.N.Y. 1997) ("In a contract for a sale of

goods, the essential terms are quantity, price, and time and manner of delivery. The fact that one or more of these terms is left open is not fatal").

Under New York law, a party asserting a breach of contract must allege: (1) a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party; and (4) damages attributable to the breach. *Dozier v. Deutsche Bank Trust Co. Americas,* 2011 WL 4058100 (S.D.N.Y., 2011) *citing Alesayi Beverage Corp. v. Canada Dry Corp.,* 947 F.Supp. 658, 667 (S.D.N.Y.1996) (*citing Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522 (2d Cir.1994).

Stating in a conclusory manner that an agreement was breached does not sustain a breach of contract claim. *Dozier, supra, citing Berman v. Sugo L.L.C.,* 580 F.Supp.2d 191, 202 (S.D.N.Y.2008) and *Posner v. Minnesota Mining & Mfg. Co.,* 723 F.Supp. 562, 563–64 (E.D.N.Y.1989).

Vague statements are insufficient to allege properly the existence of a contract between parties. *See, Berman v. Sugo LLC,* 580 F.Supp.2d 191(S.D.N.Y. 2008); *Rodriguez v. It's Just Lunch, Int'l,*2010 WL 685009 (S.D.N.Y. 2010) (in order to withstand dismissal, "a claimant must demonstrate the existence of an enforceable contract, through specific allegations about the parties to the agreement, the date of the contract's formation, and the contract's 'major terms.'"); *Fuji Photo Film U.S.A., Inc. v. McNulty,* 669 F.Supp.2d 405, 416 (S.D.N.Y.2009) (allegation that "[plaintiff] agreed to pay for [defendant's] services on an hourly basis" was insufficient to properly allege the existence of a binding contract). Moreover, a plaintiff "faces a heavier burden when trying to prove an alleged oral contract." *Oscar Productions v. Zacharius,* 893 F.Supp. 250, 255 (S.D.N.Y. 1995) (citing *Winston v. Mediafare Entm't Corp.,* 777 F.2d 78, 80 (2d Cir.1985)). "The burden is heavier in oral agreements because '[a] primary concern for courts in such disputes is to avoid trapping parties in surprise contractual obligations that they

never intended.' " *Id.* (citing *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 72 (2d Cir.1989)). *See also, Comfort Inn Oceanside v. Hertz Corp.*, 2011 WL 5238658 (E.D.N.Y. 2011) ("more extensive pleading of the existence of an agreement might be necessary if the alleged contract were implied . . . or oral").

As alleged in the Complaint, it is difficult - if not impossible - to ascertain to what in fact the parties agreed. The Complaint is utterly devoid of any necessary terms to the alleged agreement. "In a contract for the sale of goods, the essential terms are quantity, price, and time and manner of delivery." *Fakoury Enterprises, Inc. v. J.T. Distributors*, 1997 WL 291961 (S.D.N.Y. 1997) citing *Judal Indus. v. Welsbach Electric Corp.*, 138 A.D.2d 573, 526 N.Y.S.2d 154 (2d Dept. 1988). For example, the Complaint alleges, "The terms of the sales of various designs of shoes were discussed and agreed upon in each of the meetings referred to in paragraph 13. In each of these instances, Avshalomov represented that the defendants would pay in full the amounts then agreed upon." Complaint ¶14. Further, the Complaint alleges, "[i]n the majority of instances, the precise price of the purchases was set in these meetings. In a limited number of instances, the price for a particular design was to hinge upon a price to be quoted by the manufacturer." Complaint ¶ 15.

Plaintiffs' Complaint goes on to assert that "2 Feet placed a series of orders for shoes with New World . . . . Sixty-eight orders were placed in April, 2010, alone, with four more orders in May, July and August." Complaint ¶ 17. Finally, Plaintiffs summarily breeze through the allegations regarding its alleged performance: ". . . New World commenced to order the manufacture of the shoes ordered. These shoes were then manufactured, acquired by New World and shipped out by Uptop, and were accepted by the defendants. . . . ." (Complaint ¶ 18), and through the alleged breach: "Defendants later proceeded to pay parts of the amounts owed through wire transfers, but repeatedly failed and refused to pay in full." Complaint ¶ 20.

Plaintiffs then conclude with the very first reference to price only in calculating their alleged damages: "The total amount originally owed by the defendants to the plaintiffs for the shoes that were shipped and accepted was . . . $2,776,909.20. Of this amount, the defendants paid . . . $1,918,446.85, leaving a remainder owed of . . . $858,462.35." Complaint ¶ 21.

Glaringly absent from Plaintiffs' Complaint is any indication of the terms of the alleged agreement. While is it recognized, *supra*, that the fact that one or more elements may be left open is not fatal, in the instant case, *nearly every element* is vague or missing, including any written evidence whatsoever of an alleged agreement. Reference is made to "amounts agreed upon," "terms were agreed upon," "price to be quoted by the manufacturer." Yet nowhere in the Complaint is there any assertion as to *what* amounts or terms or prices were agreed upon. Also missing from the Complaint is any statement or reference to any writing regarding the quantity of goods sold, the terms of delivery acceptance, (or lack), or any other specifics with regard to alleged agreement.

Plaintiffs' lack of detail of any kind does not end with the indecipherable terms of the alleged agreement. It is not entirely clear that Plaintiffs even performed their end of the alleged contract, as all the Complaint states is that, essentially, Plaintiffs sent shoes to Defendants that were accepted by Defendants. Allegations regarding the quantity, price, delivery terms and Plaintiffs' adherence thereto is completely lacking. The breach allegation is thus more in the nature of a legal conclusion than an allegation of fact, precluded from the presumption of truth for the purposes of this motion.

As the court in *Key Items Inc. v. Ultima Diamonds Inc.*, 2010 WL 3291582 (S.D.N.Y. 2010) stated, "these vague statements are insufficient to properly allege the existence of a contract between [the parties]." Indeed, some of the underlying facts in *Key Items* are illustrative of the specificity necessary for an enforceable contract for the sale of goods. As between the

10

plaintiff therein and the lead defendant, the court found the existence of an oral contract because the parties "agreed on the quantity, pricing method, product specifications and delivery dates," as memorialized in emails. No such essential terms are alleged in this case, in fact every one of those terms is completely lacking from the Complaint.

Having failed to allege even the most rudimentary elements of the supposed agreement Plaintiffs seek to enforce, Plaintiffs' Complaint fails to meet the pleading standards set by *Twombly and Iqbal, supra,* as it utterly fails to provide "enough facts to state a claim to relief that is plausible on its face." Plaintiffs' breach of contract claim, accordingly, should be dismissed.

### III.   Complaint Fails To Allege any Basis for Personal Liability by Defendant Avshalomov

The Complaint fails to allege a cause of action against Avshalomov in his individual capacity. The Complaint identifies Avshalomov as the Chairman and Chief Executive Officer of 2 Feet but fails to allege any facts that warrant "piercing the corporate veil" of 2 Feet in order to find Avshalomov personally liable. (See, Complaint ¶6) Instead the Complaint makes reference to Avshalomov and 2 Feet interchangeably without distinction or requisite specificity to find personal liability against Avshalomov.

The doctrine of alter ego or "piercing the corporate veil" liability permits the owner of a corporation or a corporate affiliate, under certain limited circumstances, to be held liable for the corporation's obligations. *Key Items, Inc. v. Ultima Diamonds, Inc.*, 2010 WL 3291582 (S.D.N.Y.); *citing Morris v. N.Y.S. Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140-41, 603 N.Y.S.2d 807, 810 (1993); *accord Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir.1991).

Under New York law, in order for a Court to exercise the extreme remedy of piercing the corporate veil to find an owner or shareholder personally liable for acts or omissions of a corporation, the complaint must allege that: (1) the owner exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit fraud or wrong against the plaintiff that resulted in injury. *See, Johnson v. Levy*, 2011 WL 4375671 (E.D.N.Y. 2011), *citing, Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-811 (1993). *See, Strojmaterialintorg v. Russian Am. Commercial Corp., supra.* While complete domination over the corporation is the key to piercing the corporate veil, such domination, standing alone is not enough. Some showing of fraud or unjust act towards plaintiff is required. *See, Morris v. New York State Dept. of Taxation and Finance, supra.*

In the instant Complaint, Plaintiffs fail to allege either of these requirements necessary to impose personal liability on Avshalomov. Other than pleading that Avshalomov is the Chairman and Chief Executive Officer of 2 Feet, Plaintiffs not only fail to allege Avshalomov is the owner of 2 Feet, but utterly fail to allege the existence of any domination or control by Avshalomov of the corporation. Even taken in a light most favorable to Plaintiffs, the allegations in the Complaint do not allege *any* acts by Avshalomov taken in his individual capacity but rather allege acts taken by Avshalomov on behalf of 2 Feet. The Courts in this circuit routinely dismiss alter ego/piercing the corporate veil claims pursuant to FRCP Rule 12(b)(6). *See, White v. Nat'l Home Prot., Inc.*, 2010 WL 1706195 (S.D.N.Y. 2010); *Koninkliike Philips Elecs. N.V. v. The ADS Group*, 694 F.Supp.2d 246, 252 (S.D.N.Y.2010); *Two Kids From Queens, Inc. v. J & S Kidswear, Inc.*, 2010 WL 475319 (E.D.N.Y. 2010). In the absence of allegations of control or domination by Avshalomov there in no basis for piercing the corporate veil of 2 Feet.

Moreover, as discussed in Section I above, since Plaintiffs cannot satisfy the second element of piercing the corporate veil, the Complaint as a matter of law fails to allege a claim of fraud against either Avshalomov or 2 Feet.

Nor have Plaintiffs alleged any theory wherein Avshalomov would be personally bound or subject to personal liability for actions he had taken on behalf of 2 Feet. Under New York law, an "agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." *See, Pot Luck, LLC v. Freeman, supra, citing Israel v. Chabra*, 537 F. 3d 86, 97 (2d Cir. 2008). In *Pot Luck, LLC*, this Court found that plaintiff failed to allege the individual defendants intended to substitute or add their own liability to the corporation and dismissed the claim as against the individual defendants. *See, Pot Luck, LLC v. Freeman, supra.,* at p. 4.

There are no allegations by Plaintiff that Avshalomov expressly or impliedly intended to be personally liable or bound for any acts of 2 Feet. Similar to the piercing the corporate veil arguments discussed above, the Complaint does not even attempt to allege such intention by Avshalomov. There is simply no basis to impose personal liability upon Avshalomov under this Complaint.

Accordingly, based upon the foregoing, all claims against Avshalomov should be dismissed in their entirety.

## CONCLUSION

Accordingly, for all the foregoing reasons, it is respectfully requested that this Honorable Court grant Defendants Udi Avshalomov and 2 Feet Productions's Motion to Dismiss Plaintiffs' Complaint in its entirety pursuant to FRCP 12(b)(6), award the Defendants costs and attorneys' fees incurred in their defense of this action; and grant such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
December 7, 2011

LYONS MCGOVERN, LLP

By: _____
Kyle C. McGovern
Diane B. Cavanaugh

399 Knollwood Road, Suite 216
White Plains, New York 10603
Tel.:   (914) 631-1336
Fax.:   (914) 631-1161
dcavanaugh@lyons-mcgovern.com
*Attorneys for Defendants*
*Udi Avshalomov and*
*2 Feet Productions, Inc.*