UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NEW WORLD TRADING CO. LTD.,

        Plaintiff,

- against -

2 FEET PRODUCTIONS, INC.,

        Defendant.

------------------------------------------------------------X

QUANZHOU HENGYU LIGHT
INDUSTRIAL DEVELOPMENT CO.,
LTD.,

        Plaintiff,

- against -

2 FEET PRODUCTIONS, INC.,

        Defendant.

------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/14

**MEMORANDUM OPINION
AND ORDER**

11 Civ. 6219 (SAS)
13 Civ. 1251 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

        New World Trading Co. Ltd. ("New World") brings this action against 2 Feet Productions, Inc. ("2 Feet") for breach of contract and fraud. On September 24, 2012, I granted defendant's motion to dismiss with respect to the

fraud claim but not the breach of contract claim.[1] 2 Feet now moves for summary judgment on New World's breach of contract claim. 2 Feet argues that New World lacks standing to sue because it was never a direct party to the agreement. For the following reasons, 2 Feet's motion is denied.

## II. BACKGROUND

New World is a Chinese company "in the business of having shoes manufactured by factories in China and selling these shoes to wholesalers abroad."[2] However, New World does not have an export license.[3] Instead, New World contracts with Uptop, a trading company with an export license, to facilitate its transactions with foreign wholesalers.[4]

In late 2009, Avshalomov of 2 Feet and Kim of New World visited

---

[1] *See New World Trading Co. Ltd. v. Avshalomov*, No. 11 Civ. 6219, 2012 WL 4378055 (S.D.N.Y. Sept. 24, 2012). 2 Feet's president, Udi Avshalomov, was initially named as a defendant in this action. However, all claims against Avshalomov were dismissed in the September 24 opinion. Moreover, Fujian Uptop Trading Co., Ltd. ("Uptop") was initially a plaintiff in this action but voluntarily dismissed its claims with prejudice on October 10, 2013. *See* Order of Dismissal as to Plaintiff Uptop Trading, Dkt. No. 35.

[2] 12/23/13 Certification of K.J. Kim, president and owner of New World, in Opposition to Motion for Summary Judgment ("Kim Certification") ¶ 2.

[3] *See id.* ¶ 7; Rule 56.1 Statement of Material Facts in Support of Defendant 2 Feet Productions, Inc.'s Motion for Summary Judgment ("Def. 56.1") ¶ 3.

[4] *See* Kim Certification ¶ 8.

several factories together "to determine which met the appropriate production standards."[5] As a result of these meetings, 2 Feet placed numerous shoe orders with New World on purchase order forms listing 2 Feet as the "customer" and New World as the "vendor."[6] 2 Feet made all deposits and payments to Uptop, which then paid the factories and New World for their services.[7]

New World now claims that 2 Feet failed to pay the full amount due on several shipments of shoes despite accepting the goods. According to New World, 2 Feet paid only $1,918,446.85 out of the total $2,776,909.20 owed, leaving a remainder of $835,462.35.[8]

## III. LEGAL STANDARD

Summary judgment is appropriate "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is 'no genuine issue as to any material fact

---

[5] Def. 56.1 ¶ 4.

[6] *See id.*; 2 Feet Purchase Order Forms ("Purchase Orders"), Ex. A to Kim Certification.

[7] *See* Def. 56.1 ¶ 5; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at 3.

[8] *See* Kim Certification ¶¶ 11–12.

and . . . the movant is entitled to judgment as a matter of law."[9] "A genuine dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit."[10]

"The moving party bears the burden of establishing the absence of any genuine issue of material fact."[11] To defeat a motion for summary judgment, the non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'"[12] and "'may not rely on conclusory allegations or unsubstantiated speculation.'"[13] In deciding a motion for summary judgment, "[t]he role of the court is not to resolve disputed issues of fact but to

---

[9] *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 692 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)) (some quotation marks omitted).

[10] *Finn v. N.Y. State Office of Mental Health-Rockland Psychiatric Ctr.*, 489 Fed. App'x 513, 514 (2d Cir. 2012) (quotation marks omitted).

[11] *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). *Accord Powell v. Donahoe*, 519 Fed. App'x 21, 22 (2d Cir. 2013).

[12] *Gioia v. Forbes Media LLC*, 501 Fed. App'x 52, 54 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

[13] *Robinson v. Allstate Ins. Co.*, 508 Fed. App'x 7, 9 (2d Cir. 2013) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

assess whether there are any factual issues to be tried."[14]

## IV. APPLICABLE LAW[15]

Under New York law, the elements of a breach of contract claim are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."[16] A claim for breach of contract must be supported by "evidence establish[ing] that there was [a] meeting of the minds between the parties as to essential contract terms."[17] Generally, "one party cannot sue another for breach of contract unless the two

---

[14] *Cuff ex rel. B.C. v. Valley Cent. School Dist.*, 677 F.3d 109, 119 (2d Cir. 2012).

[15] On February 7, 2014, New World submitted a letter arguing that the United Nations Convention on Contracts for the International Sale of Goods governs the parties' dispute. However, the Court applies New York law to this motion because both parties cited New York law in their briefs and the outcome would be the same under either standard. *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) (noting that "in the absence of a strong countervailing public policy, the parties to litigation may consent by their conduct to the law to be applied").

[16] *Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, No 13. Civ. 2720, 2014 WL 292192, at *1 (2d Cir. Jan. 28, 2014) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

[17] *Allen v. Robinson*, No. 10 Civ. 7118, 2011 WL 5022819, at *5 (S.D.N.Y. Oct. 19, 2011) (quoting *Kolmar Am., Inc. v. Marathon Petroleum Co., LLC*, 915 N.Y.S.2d 246, 247 (1st Dep't 2011)).

parties are in privity" or the "functional equivalent of privity."[18]

## V. DISCUSSION

2 Feet argues that New World lacks standing to bring this claim because it was not a party to any contract with 2 Feet. Instead, New World was 2 Feet's agent in its contractual relationship with Uptop.[19] Because 2 Feet did not pay New World or receive the goods from New World directly, 2 Feet argues, New World must look to Uptop for payment of its "commissions."[20]

However, New World argues that it had a direct contractual agreement with 2 Feet, and the record reveals persuasive evidence in support of that contention. 2 Feet admits that Avshalomov and Kim visited multiple factories together and that, "[a]s a result of [those] visits, and the representations of New World, 2 Feet placed numerous shoe orders."[21] Furthermore, the purchase order forms between New World and 2 Feet are self-explanatory.[22] They list 2 Feet as

---

[18] *In re Cavalry Const., Inc.*, 428 B.R. 25, 30–31 (S.D.N.Y. 2010), *aff'd sub nom. In re Cavalry Const.*, 425 Fed. App'x 70 (2d Cir. 2011) (citations omitted).

[19] *See* Defendant 2 Feet Productions' Memorandum of Law in Support of Motion for Summary Judgment at 3–4.

[20] *See id.* at 1–2.

[21] Def. 56.1 ¶ 4.

[22] *See* Purchase Orders, Ex. A to Kim Certification.

the "customer" and New World as the "vendor."[23] They also identify the quantity and price of each shoe style ordered.[24]

2 Feet's only argument against the existence of a contract is that 2 Feet did not pay New World or receive the goods from New World directly. However, whether the money and goods passed through Uptop instead of directly between the parties is irrelevant, as is the distinction between "agent" and "vendor." If 2 Feet agreed to pay New World, then the manner in which the funds and goods were transferred does not relieve 2 Feet of its obligation to pay.

Because there is substantial evidence that 2 Feet agreed to pay New World for the shoes, 2 Feet's motion must be denied. Whether the purchase order forms constitute an enforceable contract is a question of law that will be decided after the trial and after the parties have had a full opportunity to brief this legal issue.

## VI. CONCLUSION

For the foregoing reasons, 2 Feet's motion for summary judgment is denied. A final pretrial conference is scheduled for February 19, 2014 at 4:30 pm.

---

[23] *See id.*

[24] *See id.*

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     February  11 , 2014
           New York, NY

## - Appearances -

**For Plaintiff:**

Michael J. Calvey, Esq.
Michael J. Calvey, LLC
8000 River Road, Suite 10D
North Bergen, NJ 07047
(201) 442-0851

**For Defendant:**

Kyle C. McGovern, Esq.
Diane B. Cavanaugh, Esq.
Lyons McGovern, LLP
399 Knollwood Road, Suite 216
White Plains, NY 10-603
(914) 631-1336