UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

NEW WORLD TRADING CO. LTD.,

       Plaintiff,

   - against -

2 FEET PRODUCTIONS, INC.,

       Defendant.

------------------------------------------------------------- X

QUANZHOU HENGYU LIGHT
INDUSTRIAL DEVELOPMENT CO.,
LTD.,

       Plaintiff,

   - against -

2 FEET PRODUCTIONS, INC.,

       Defendant.

-------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/14

**MEMORANDUM OPINION
AND ORDER**

11 Civ. 6219 (SAS)
13 Civ. 1251 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       On March 7, 2014, New World Trading Co. Ltd. ("New World") submitted a motion in limine objecting to the admissibility of ninety defense exhibits as hearsay. On March 12, 2014, 2 Feet Productions, Inc. ("2 Feet") submitted a chart listing the ninety exhibits and asserting various hearsay

exclusions or exceptions as to each. The court need not labor through each of the ninety exhibits before trial and makes the following categorical rulings with respect to 2 Feet's assertions.

### 1. Statements of a Party Opponent

2 Feet has identified twenty-four emails as statements of a party opponent under Federal Rule of Evidence ("Rule") 801(d)(2). I find that the emails written by a New World agent or employee are admissible as statements as a party opponent, assuming the agent or employee was acting within the scope of his employment. To the extent that any exhibit includes an email chain with emails not written by a New World agent or employee, those emails are not admissible under this exclusion.

### 2. Business Records

2 Feet asserts that many of the emails at issue should be considered business records under Rule 803(6). An email could conceivably qualify as a business record if, for example, it confirms a sale. But most of the emails here contain unique and sporadic communications, not created as a record of any "regularly conducted business activity."[1] They, therefore, fall outside the exception. Rule 803(6) applies only where (1) the record was made "at or near the

---

[1] Fed. R. Evid. 803(6).

time by . . . someone with knowledge," (2) the record was kept in the course of a "regularly conducted [business] activity," (3) creating the record was a "regular practice of that activity," (4) a "qualified witness" or "certification" verified that these conditions are met, and (5) neither the "source of information nor the method . . . of preparation" was untrustworthy.[2] To the extent that 2 Feet still believes that any individual email qualifies, it may raise the issue on a case-by-case basis at trial.

### 3. Residual Exception

2 Feet seeks to admit several emails based on the residual exception. This exception — intended to be used "very rarely, and only in exceptional circumstances"[3] — applies only to statements that (1) have "equivalent circumstantial guarantees of trustworthiness," (2) are "offered as evidence of a material fact," (3) are "more probative . . . than any other evidence that the proponent can [reasonably] obtain, and (4) if admitted will "best serve the purposes of these rules and the interests of justice."[4] Assuming no challenge to authenticity, this exception could apply to individual emails created in the ordinary course of business — even those that fail to qualify under any other exception. At trial, 2

---

[2] *Id.*

[3] *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991).

[4] Fed. R. Evid. 807(a).

Feet may re-assert this exception but only on a limited case-by-case basis.

### 4. Unavailability

2 Feet erroneously lists Rule 804(a)(2) as the basis for admitting several emails at issue. Rule 804(a)(2) states only the criteria for witness unavailability and is not a hearsay exception.

### 5. Non-Hearsay

2 Feet argues that several emails are not hearsay because they are offered to show the effect on the listener. I find that the emails at issue are hearsay because they are clearly offered for the truth of their contents.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   March 13, 2014
         New York, NY

## - Appearances -

**For Plaintiff:**
Michael J. Calvey, Esq.
Michael J. Calvey, LLC
8000 River Road, Suite 10D
North Bergen, NJ 07047
(201) 442-0851

**For Defendant:**
Kyle C. McGovern, Esq.
Diane B. Cavanaugh, Esq.
Lyons McGovern, LLP
399 Knollwood Road, Suite 216
White Plains, NY 10-603
(914) 631-1336