UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

NEW WORLD TRADING CO. LTD.,

                Plaintiff,

    - against -

2 FEET PRODUCTIONS, INC.,

                Defendant.

------------------------------------------------------X

QUANZHOU HENGYU LIGHT
INDUSTRIAL DEVELOPMENT CO.,
LTD.,

                Plaintiff,

    - against -

2 FEET PRODUCTIONS, INC.,

                Defendant.

-------------------------------------------------------

**MEMORANDUM OPINION
AND ORDER**

**11 Civ. 6219 (SAS)
13 Civ. 1251 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/14

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On March 7, 2014, New World Trading Co. Ltd. ("New World")
submitted a motion in limine objecting to the admissibility of ninety defense
exhibits as hearsay.  On March 12, 2014, 2 Feet Productions, Inc. ("2 Feet")
submitted a chart listing the ninety exhibits and asserting various hearsay

-1-

exclusions or exceptions as to each. The court need not labor through each of the ninety exhibits before trial and makes the following categorical rulings with respect to 2 Feet's assertions.

### 1.   Statements of a Party Opponent

2 Feet has identified twenty-four emails as statements of a party opponent under Federal Rule of Evidence ("Rule") 801(d)(2). I find that the emails written by a New World agent or employee are admissible as statements as a party opponent, assuming the agent or employee was acting within the scope of his employment. To the extent that any exhibit includes an email chain with emails not written by a New World agent or employee, those emails are not admissible under this exclusion.

### 2.   Business Records

2 Feet asserts that many of the emails at issue should be considered business records under Rule 803(6). An email could conceivably qualify as a business record if, for example, it confirms a sale. But most of the emails here contain unique and sporadic communications, not created as a record of any "regularly conducted business activity."[1] They, therefore, fall outside the exception. Rule 803(6) applies only where (1) the record was made "at or near the

---

[1]      Fed. R. Evid. 803(6).

time by . . . someone with knowledge," (2) the record was kept in the course of a "regularly conducted [business] activity," (3) creating the record was a "regular practice of that activity," (4) a "qualified witness" or "certification" verified that these conditions are met, and (5) neither the "source of information nor the method . . . of preparation" was untrustworthy.[2]  To the extent that 2 Feet still believes that any individual email qualifies, it may raise the issue on a case-by-case basis at trial.

### 3.    Residual Exception

2 Feet seeks to admit several emails based on the residual exception. This exception — intended to be used "very rarely, and only in exceptional circumstances"[3] — applies only to statements that (1) have "equivalent circumstantial guarantees of trustworthiness," (2) are "offered as evidence of a material fact," (3) are "more probative . . . than any other evidence that the proponent can [reasonably] obtain, and (4) if admitted will "best serve the purposes of these rules and the interests of justice."[4]  Assuming no challenge to authenticity, this exception could apply to individual emails created in the ordinary course of business — even those that fail to qualify under any other exception.  At trial, 2

---

[2]    *Id.*

[3]    *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991).

[4]    Fed. R. Evid. 807(a).

Feet may re-assert this exception but only on a limited case-by-case basis.

### 4.      Unavailability

2 Feet erroneously lists Rule 804(a)(2) as the basis for admitting several emails at issue.  Rule 804(a)(2) states only the criteria for witness unavailability and is not a hearsay exception.

### 5.      Non-Hearsay

2 Feet argues that several emails are not hearsay because they are offered to show the effect on the listener.  I find that the emails at issue are hearsay because they are clearly offered for the truth of their contents.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      March 13, 2014
            New York, NY

-4-

- Appearances -

**For Plaintiff:**
Michael J. Calvey, Esq.
Michael J. Calvey, LLC
8000 River Road, Suite 10D
North Bergen, NJ 07047
(201) 442-0851

**For Defendant:**
Kyle C. McGovern, Esq.
Diane B. Cavanaugh, Esq.
Lyons McGovern, LLP
399 Knollwood Road, Suite 216
White Plains, NY 10-603
(914) 631-1336